## THOMAS *v.* STATE.

### Opinion delivered January 20, 1913.

CRIMINAL LAW—RECEIVING STOLEN GOODS—EVIDENCE.—Where deceased was supposed to have stolen certain property and defendant was indicted for having knowingly received the same, evidence in the form of testimony by officers as to certain property which had been lost, and statements of claimants thereof of their ownership of the same at police headquarters, upon the recovery of the said property, after the death of the supposed thief, are inadmissible to charge defendant with receiving the same, knowing it to have been stolen.

Appeal from Lonoke Circuit Court; *Eugene Lankford.* Judge; reversed.

#### STATEMENT BY THE COURT.

Appellee was indicted for the crime of knowingly receiving stolen property, and charged with having re-

ceived one suit of clothes, the property of Mrs. Diehl, of the value of $15, a gold cross and chain, of the value of $12, the property of Orie Ozier, one umbrella, the property of T. A. Wright, of the value of $12, one gold bracelet, the property of Kathleen Doyle, of the value of $15, and forty rare coins, the property of Levi Spitzberg, value unknown, one gold watch, the property of Mrs. Robert Brodie, of the value of $20, certain gold rings, of the value of $40, the owners to the grand jury unknown, and also one ladies' fur wrap, of the value of $20, the owner being unknown to the grand jury.

The court overruled appellant's motion to require the State to elect for which crime it would prosecute.

The testimony shows that Alice Brown was the sister of one J. B. Brown, *alias* ''Jack the Shooter,'' who had terrorized the inhabitants of the city of Little Rock, by numerous burglaries, rapes and attempted murders, during some time before he was killed while entering the house of another negro. He gave appellee one bracelet and one watch and some rings some time during the period of two years before his death, which ornaments she wore about the neighborhood and to church, as other people used ornaments of like kind, except, it was shown she had not worn the bracelet upon visiting Little Rock. She resided with another brother and his wife upon a small farm in Lonoke County, near Little Rock, belonging to her brothers and herself. Upon learning of her brother's death, she came to Little Rock, and was taken to the police station, where she was asked to disclose her knowledge of the offenses committed by her brother and questioned closely to ascertain whether she had any of the property taken by him, and she denied at first she had any of it. She admitted she did have, however, finally, upon being told that she would be put in jail otherwise. She denied any knowledge, whatever, that the property given her by her brother had been stolen, and stated she thought her brother was amply able to make her such presents as he always dressed well, paid the bills of the farm and claimed to be in the suit pressing and real estate business in Little Rock, where he lived.

The umbrella was found in the house, where appellant lived with Henderson Smith, another brother, and his wife, where the family were visited frequently by the deceased, Brown.

A great deal of testimony was introduced, showing the different crimes and outrages committed in the city of Little Rock, the property reported at police headquarters to have been stolen by persons suffering losses from burglaries and thefts and some of the witnesses were allowed to testify that certain of this property had been reported stolen by the owners thereof; and that, later, after it was recovered, they had come to police headquarters and claimed and identified it.

There was much hearsay testimony of this kind introduced, over appellant's objections. One witness stated that Mrs. Brodie had identified one of the watches as her property and made an affidavit to that effect. The prosecuting attorney, in his closing argument, was also permitted to state that Mrs. Brodie had made an affidavit that the watch belonged to her and that she had claimed it at police headquarters.

The court instructed the jury, and from the judgment upon their verdict of guilty appellant brings this appeal.

*Vaughan & Akers* and *Trimble, Robinson & Trimble,* for appellant.

1. The evidence does not support the verdict, because there is no evidence tending to show guilty knowledge, and none from which such knowledge may be inferred; and because the proof was not that the property alleged to have been received by appellant was stolen, as alleged in the indictment, but that it was obtained by means of burglary. 24 Am. & Eng. Enc. of L. 45, 46, 47, 48 and 49; Kirby's Dig., § 1830; 78 Ark. 299; 191 Mo. 635, 4 Ann. Cas. 751, 752, 754; 105 Minn. 217; 32 Ark. 238. See also 58 Ark. 576, 578.

2. The court erred in admitting indiscriminate evidence of burglaries and assaults said to have been committed by the so-called "Jack the Shooter" in Little

Rock. 72 Ark. 586, 598; 92 Ark. 481; 84 Ark. 119; 75 Ark. 427; 54 Ark. 626; 191 Mo. 625; 21 Wend. (N. Y.), 86; 2 East. P. C. 780, § 163; 2 Strob., 273; 22 S. Dak. 550, 18 Ann. Cas. 192, and notes at p. 196.

3. Where improper and prejudicial language is indulged in by the prosecuting attorney and is objected to by the defendant, it calls for a reproof by the court of the offender, and an instruction withdrawing same from the jury's consideration, and where this is not done it is reversible error. 48 Ark. 130, 131; 58 Ark. 483; 61 Ark. 130; 63 Ark. 174; 65 Ark. 389; 71 Ark. 415, 416-18; 65 Ark. 619; 69 Ark. 648; 74 Ark. 210; 88 Ark. 579; 80 Ark. 23-30; 75 Ark. 577; 72 Ark. 138; *Id.* 247; *Id.* 461; 95 Ark. 233, 237; 70 Ark. 184; *Id.* 305; 48 Ark. 131, 132.

4. The State should have been required to elect upon which count of the indictment it would proceed, and the court erred in overruling appellant's motion to that effect. Kirby's Dig., § 2230; 32 Ark. 203; 33 Ark. 176; 34 Ark. 433; 36 Ark. 55; 90 Ark. 570; 92 Ark. 413.

5. The court should have given instruction 2, requested by appellant, to the effect that before the jury could convict they must find that appellant, at the time she received the articles, had knowledge that they were stolen; and that she was entitled to acquittal even if they found that after receiving the goods she discovered the fact that they were stolen, notwithstanding she tried to conceal them after discovering her brother was charged with their theft. 105 Minn. 217; 55 Fla. 90, 45 So. 818; 78 N. C. 484; 80 S. C. 387; 31 Tex. Crim. 210, 20 S. W. 356; 9 Cox C. C. (Eng.), 95; 116 Ga. 92, 42 S. E. 389.

That the court erred in refusing to charge the jury not to consider any statement made by the defendant in reference to the property in her possession which was inconsistent with her innocence, if made under threats to imprison her, etc., needs no citation of authorities.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee; *John P. Streepey,* of counsel.

1. Where there is any substantial evidence to sup-

port the jury's verdict, it will be sustained.   92 Ark. 120;
*Id.* 590; 95 Ark. 175; *Id.* 324.

Where it is found that the goods have been stolen
and the defendant received them under such circum-
stances as would have put a reasonable man of ordinary
powers of observation on his guard, then he is guilty of
receiving stolen goods within the meaning of the law.
73 Am. Dec. (Ala.), 426, 427; 25 Am. St. Rep. (Ill.), 359.

2.   There was no error in admitting evidence of
various burglaries said to have been committed by "Jack
the Shooter" in Little Rock, the purpose thereof being
to show that he and defendant's brother were the same
person.

3.   There was no improper argument by the prose-
cuting attorney.   Where a defendant has had a fair trial
and the evidence appears sufficient to justify a convic-
tion, the tendency is to affirm, notwithstanding technical
defenses and objections.   92 Ark. 126; *Id.* 243; 95 Ark.
177; 96 Ark. 13; 97 Ark. 347; 98 Ark. 324-326.

4.   The court was correct in refusing to require the
State to elect upon which count of the indictment it would
proceed.   14 N. W. (Neb.), 543; 18 Ark. 543.

5.   The court is not required to repeat instructions.
No. 2 requested by appellant had already been included
in substance in instructions given.

Evidence of defendant's statements to officers after
she had been threatened with imprisonment was properly
admitted.   34 Cyc. 525, note 81.

Kirby, J., (after stating the facts).   It is contended
for reversal that the court erred in the admission of in-
competent testimony and that the evidence is not suffi-
cient to support the verdict.

We have concluded that the first contention is cor-
rect.   There was much hearsay testimony introduced
relating to the different crimes, larcenies and burglaries,
attempted rapes and murders committed in the city of
Little Rock during the period of two years before the
death of "Jack the Shooter," which the peace officers of
the city were disposed to charge largely to his account.
This extended to allowing certain officials to enumerate

the kind and description of the property reported lost by the owners from these depredations by whatever criminals were responsible for them, and also the recital of the statements of the claimants thereof of their ownership of same at police headquarters upon the recovery of certain property after the death of "Jack the Shooter." Of course, the ownership of this watch and other property with the knowingly receiving of which appellant was charged could not be established in that way and the court erred in permitting the introduction of such testimony. Some of this property, which appellant is charged with receiving, knowing it to have been stolen, had been taken from the owners almost two years before it was found in the possession of the appellant, who had worn it about the neighborhood, among her friends and acquaintances and to church as freely as others of her community had worn ornaments of like kind. The testimony does not show, directly, that she had any knowledge at the time of receiving the gifts from her brother that the jewelry had been stolen, although her conduct upon inquiry of her after his death, long afterwards, indicated that she feared then that something might be wrong about it and at first denied having received any property from him. She finally admitted, however, that he had given her certain watches and rings and a bracelet, stating that the umbrella and other things with the receiving of which she was charged had been given to her brother and his wife who lived in the same house.

The evidence is by no means clear and satisfactory that appellant received any of the property, knowing it to have been stolen, but we are not able to say under all the circumstances in the case that the testimony with the reasonable inferences arising therefrom was not sufficient to support the verdict.

There are many other assignments of error insisted upon but since they are not likely to occur upon another trial we do not deem it necessary to notice them.

The judgment is reversed for the error indicated and the cause remanded for a new trial.